**LOUIE WAH YOU v. NAGLE, Com'r of Immigration.**

Circuit Court of Appeals, Ninth Circuit.
July 16, 1928.

No. 5375.

1. Aliens ⚖═32(8)—Illegitimate foreign-born Chinese son of American citizen held not shown to have been legitimated by father in accordance with state statute (8 USCA § 6; Civ. Code Cal. § 230).

Illegitimate Chinese son, seeking admission, under Rev. St. § 1993 (8 USCA § 6), as foreign-born son of American citizen, on ground that he had been legitimated under Civ. Code Cal. § 230, *held* not to have shown that father received illegitimate child into his home and settled place of habitation of which father was head, as required by such state statute; it being shown that domicile of father was in California, and not in China.

2. Courts ⚖═366(1)—Construction of state statute legitimating children is for state court, which construction is controlling on federal court (Civ. Code Cal. § 230).

Construction of Civ. Code Cal. § 230, relating to legitimating of children, is for California courts, and construction there adopted is controlling on federal court.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Habeas corpus by Louie Wah You against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco, Cal. From a judgment quashing the writ, applicant appeals. Affirmed.

Thomas J. Riordan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. [1] This is an appeal from an order quashing a writ of habeas corpus and remanding the appellant

to the custody of the immigration authorities. The appellant made application for admission to the United States, claiming citizenship through his father, under section 1993 of the Revised Statutes (8 USCA § 6). At birth, the appellant was the illegitimate offspring of a citizen of the United States of the Chinese race, who was born in California and maintained his domicile in that state. Counsel concedes that, unless the status of the appellant has been changed since birth, he is not a. citizen, and is not entitled to admission. Ng Suey Hi v. Weedin (C. C. A.) 21 F.(2d) 801. But he earnestly insists that the appellant has been legitimated under the laws of California and is therefore a citizen.

The circumstances attending the birth of appellant are as follows: His father married a woman of the Chinese race in San Francisco in 1903, and lived with her as his wife for about two months. In the following year the father visited China, returning to the United States in 1905. During this visit he married a second woman of the Chinese race, whom he has since recognized and maintained as his wife in China. At the time of the second marriage his former wife was still living and undivorced. The father made a second visit to China in 1913, returning in 1914, and a third visit in 1924, returning in 1926. As a result of each of these visits a child was born to the second wife in China; the appellant being the second son, born in 1915.

Section 230 of the Civil Code of California provides: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth."

[2] The construction of this statute is for the California courts, and the construction there adopted is controlling on this court. The rule established by the later decisions of the Supreme Court of that state, while apparently out of harmony with some earlier decisions, is this:

"The court below seems to have acted upon the theory that where the father of an illegitimate child has no family the provision of the code in question in that respect may be dispensed with. This cannot be done. The Legislature adopting section 230 evidently went as far as public policy would justify in this respect, and the language is too plain to be misunderstood. The father of an ille-

gitimate child in order to adopt him as legitimate must not only publicly acknowledge him as his own, but must receive him into his family, and if he have a wife, with her consent. It does not say that he must receive him into his family if he has a family, and if not, in that case can receive him or send him elsewhere; but having a family, or at least a home, in which he can receive him is one of the cardinal conditions prescribed for such adoption." Estate of De Laveaga, 142 Cal. 158, 169, 75 P. 790, 794.

In Estate of Gird, 157 Cal. 534, 545, 108 P. 499, 504 (137 Am. St. Rep. 131) the court again said:

"In Estate of De Laveaga, 142 Cal. 169, [75 P. 790], this court was careful to limit its language as to the necessity of the existence of a family into which the child can be received as one of the cardinal conditions prescribed for an adoption under section 230 of the Civil Code, by saying 'having a family, *or at least a home in which he can receive him*' is such a condition. The words of section 230, 'receiving it * * * into his family,' imply a receiving into a place of which he is the head, of which he has control. As used in this section, the word 'family,' in our opinion, means no more at most than that the father must have a 'home,' a settled place of habitation of which he is the head, into which he must receive the child, such receiving to be with the consent of his wife if he be married. The brothers and sisters of deceased, who never lived with him in California, constituted no part of his 'family' within the meaning of that section."

The testimony in this case was sufficient to prove a public acknowledgment by the father, but insufficient to prove that the father received the illegitimate child into his home, or settled place of habitation of which he was the head. The domicile of the father is in the state of California and his home and settled place of habitation of which he is the head must also be in that state, and not in China, because, if his home and settled place of habitation was in China, his domicile would likewise be there, and the statutes of California could have no application. It seems to us that it would be going too far to say that the home and settled habitation of the father was in China, a country he has visited but twice in nearly 25 years, and but once since the birth of the appellant some 13 years ago.

There was, therefore, no competent evidence of legitimation, and the judgment must be affirmed. It is so ordered.