MATTER OF TINSLEY

In VISA PETITION Proceedings

A-13710282

*Decided by Board February 13, 1964*

A child born out of wedlock in the Philippines and reared in a home maintained there by his father (married) and his mother (unmarried paramour of father) has not been legitimated under section 230, California Civil Code, absent a showing that the father brought the child into his home "with the consent of his wife."

The district director approved the visa petition on June 18, 1963, and granted nonquota status to the beneficiary as the petitioner's child. On September 17, 1963, the petitioner was notified of the intention to revoke the approval and that he might offer evidence in opposition within 15 days. No evidence was submitted and the approval of the visa petition was revoked on October 14, 1963. The case is now before us on appeal from that decision.

We have carefully reviewed the entire record. The petitioner was born in the Philippines and acquired United States citizenship through "parentage." He originally stated that he was married on April 27, 1951, to one Eleanor; that he had not been previously married; and that the beneficiary was born in the Philippines on March 27, 1952. From information subsequently received by the Service and which the petitioner now concedes, it appears that he was previously married to Gloria Tibre on May 10, 1943, and that this marriage has not been terminated. The Service revoked the approval of this visa petition on the ground that the beneficiary, being illegitimate, was not a "child" of the petitioner under the definition in section 101(b)(1) of the Immigration and Nationality Act [8 U.S.C. 1101(b)(1)]. Counsel contends that the beneficiary has been legitimated under section 230 of the California Civil Code which provides, in part, as follows:

§ 230 Adoption of illegitimate child—The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and said child is thereupon deemed for all purposes legitimate from the time of its birth. * * *

In his brief, counsel stated that, following the marriage on April 27, 1951, the petitioner and Eleanor maintained a home and held themselves out as husband and wife; that, when the beneficiary was born, the petitioner held him out as his child and received him into the home which he maintained with Eleanor; that the petitioner moved to California in 1960; and that he sent money to the Philippines for the support of his family. However, the record contains no evidence to support any of these factual allegations and there is not even an affidavit by the petitioner to that effect. Regardless of whether the beneficiary's case meets other requirements of section 230, we do not believe it has been established that the petitioner received the beneficiary as his own child into his family with the consent of his wife.

Counsel stated that the courts of California "declare that such legitimating acts under Civil Code 230 are operative although the only home the father has and the home in which he receives the child is a home in which he is living with the mother as husband and wife, although they are not married." He cited three cases in support of this proposition which will be discussed briefly.

*Garner v. Judd*, 136 Cal. 394, 68 Pac. 1026 (1902), related to a man, apparently previously unmarried, who lived with a woman from 1876 to 1897. There was some evidence that a marriage had occurred between them but this was not definitely established. He held her out as his wife. His illegitimate child was born in 1878 of another woman, and the child was held not to have become legitimated under section 230 because the father had not received her into his family.

In re Jones' Estate [*Baker v. Jones*], 166 Cal. 108, 135 Pac. 288 (1913), involved two unmarried persons who cohabitated at the man's residence on a ranch commencing in 1897. In May 1902, the woman became pregnant and in November of that year she left the ranch and did not again return to cohabit with him. The illegitimate child was born on February 27, 1903. He lived at the ranch with his father for two months about 1908 which the court held constituted receiving the child into the father's family, the family consisting of the father and the son.

*In re McNamara's Estate*, 181 Cal. 82, 183 Pac. 552 (1919), had reference to a married woman and an unmarried man who cohabited from December 1913 until his death. Their illegitimate child lived with them and was acknowledged by the father. It was held that this child was legitimated under section 230.

*In re McNamara's Estate, supra*, does support counsel's proposition quoted above but the other two cases do not. However, the McNamara case is distinguishable from the respondent's case. There, the father received the illegitimate child into the home he had maintained in California with the child's mother. This beneficiary has never been

received into the petitioner's home in California although counsel attempts to utilize the beneficiary's alleged residence with the petitioner and Eleanor in the Philippines.

A more important distinction is that, in cases where the father of the illegitimate child is married, section 230 specifically requires that the wife must consent to receiving the child into the father's family. In the McNamara case, the father was unmarried. However, there is no question that Eleanor, the mother of the beneficiary, is not the petitioner's wife, and there is no evidence that his legal wife, Gloria, consented to the beneficiary being received into the petitioner's family.

The facts in this beneficiary's case are entirely analogous to those in *Louie Wah You* v. *Nagle*, 27 F. 2d 573 (9th Cir., 1928), and *Matter of Wong*, Int. Dec. No. 1287 (1963), in which it was held that legitimation was not established under section 230 of the California Civil Code. We consider those decisions controlling here and hold that the petitioner has not established that the beneficiary was legitimated under section 230. In view of the foregoing, we conclude that the district director's action, revoking the approval of the visa petition, was correct and the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.