MATTER OF PALACIO

In Visa Petition Proceedings

A-14242599

*Decided by Board April 7, 1965*

Since beneficiary, an illegitimate child at birth in the Philippines on June 27, 1944, was over 18 years of age at the time the judgment of legitimation was granted on September 15, 1964, by the Superior Court of the State of California, he is not a "child" within the definition of section 101(b)(1)(C), Immigration and Nationality Act, as amended, and, therefore, not entitled to nonquota status. (*Note:* See Also, *Matter of Palacio*, Int. Dec. No. 1470, of which the alien in this case is also the subject.)

The case comes forward on appeal from the order of the District Director, San Francisco District, dated October 27, 1964,' denying the visa petition for the following reasons: evidence submitted in support of the petition reflects that the beneficiary was born June 27, 1944; he was an illegitimate child at birth in that the petitioner was never married to his mother; he was legitimated by Judgment of Legitimation granted by the Superior Court of the State of California on September 15, 1964; he is therefore, not a "child" as defined by section 101(b)(1)(C) of the Immigration and Nationality Act in that he was over the age of 18 years at the time of legitimation.

The petitioner, a native of the Philippines and a citizen of the United States by naturalization on October 9, 1946, at Manila, Philippines, 60 years old, male, seeks nonquota status on behalf of his unmarried child, born June 27, 1944, a native and citizen of the Philippines. The certificate of baptism relating to the beneficiary shows that he is the child of the petitioner and Nena de Silva. Supporting documents establish that the petitioner's prior marriage to one Librada Palacio was terminated by a decree of the Superior Court of the State of California for the City and County of San Francisco on April 26, 1963. He married his present wife, Maria Dalisay Angeles on May 6, 1963. There has also been submitted

132

a copy of a decree of the Superior Court of the State of California, City and County of San Francisco, entitled "In the Matter of the Petition of Fred R. Palacio To Be Declared Legitimate Father of Amor Palacio" and five other children entered on September 15, 1964, declaring that the petitioner is the legitimate father from birth of the beneficiary and the children included in the Judgment, that the said minor children are legitimate children of the petitioner and that a valid and subsisting relationship of parent and child exists between petitioner and the said minor children.

In connection with the appeal the petitioner has submitted money order receipts to the beneficiary dating back to December 14, 1961; and submitted an affidavit of the uncle and aunt of the petitioner's former wife, Librada Echaniz Palacio, to the effect that the couple had separated since the year 1939, that they obtained a legal separation in 1944 from the Mayor of Kuyapo, Philippines, that petitioner has made many trips to locate his wife but to no avail, and that their niece has been missing since the year 1945. In addition, counsel has submitted some of the moving papers which culminated in the Judgment of Legitimation by the Superior Court of the State of California, City and County of San Francisco on September 15, 1964. These papers are entitled "In the Matter of the Petition of Fred R. Palacio To Be Declared Legitimate Father of Amor Palacio" et al., or "Petition of Father To Be Declared Legitimate Father of Minor Children," and consist of the consent of the present wife to petition of father to be declared legitimate father of minor children dated July 10, 1964; the petition of the father to be declared legitimate father of minor children in which he recites that the natural mother of the children is Nena de Silva residing in Caloocan City, Manila, Philippines, that the petitioner has publicly acknowledged his children, that his name was placed on their birth certificates as their father at his request and with his consent, that he has lived with them in the Philippines until November 1957 when he came to the United States, that he has not seen his first wife, Librada, since 1939 and that in September 1944 he signed a legal separation but he did not see her and believes her to be deceased, that on April 26, 1963, petitioner secured a divorce from the said Librada on the ground of desertion and on May 6, 1963, he married his present wife who has consented to the petition of her husband to be declared the legitimate father of the children, that he has always supported the children and is able to provide for and support them, *and wishes to make them heirs of his estate.* Another court document indicates that the natural mother of the children, Nena de

Silva, consented to the petition of the father to be declared the legitimate father of the children therein named.

Section 101(b) (1) (C) of the Immigration and Nationality Act includes in the definition of the term "child" a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of 18 years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.[1] Section 230 of the California Civil Code entitled "Adoption of an Illegitimate Child" has been construed as an out and out statute of legitimation.[2] This section provides that the father of an illegitimate child, by publicly acknowledging it as his son, receiving it as such with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of his birth. Section 230 specifically exempts that section from the provisions of foregoing sections relating to formal or judicial adoptions.

The Judgment of the Superior Court of the State of California, City and County of San Francisco, which has been submitted in support of the visa petition does not indicate under what section of the California law it is based. However, the Judgment is entitled "In the Matter of the Petition of Fred R. Palacio To Be Declared Legitimate Father of Amor Palacio" et al. The action appears to be one for declaration of parental relationship pursuant to section 231 of the California Civil Code which provides: "An action may be brought for the purpose of having declared the existence or non-existence between the parties of the relationship of parent and child, by birth or adoption." Or, possibly, it may be an action under section 255 of the Probate Code of California which has been held to be not a legitimation statute but simply a statute of succession.[3] Section 231 of the California Civil Code is a paternity or filiation sta-

---

[1] It does not appear that the beneficiary was legitimated under Philippine law. Section 269 of the Civil Code of the Philippines provides that only natural children can be legitimated. Children born outside of wedlock of parents who, at the time of the conception of the former, were not disqualified by an impediment to marry each other, are natural. In the instant case, when the beneficiary was born in 1944, to the petitioner and his blood mother, there was in existence a prior undissolved marriage of the petitioner and his first wife.

[2] *Ballantine v. De Silva*, 226 F.2d 623, 632 (9th Cir., 1955) affirmed, 351 U.S. 570, rehearing denied, 352 U.S. 859, 362 U.S. 907.

[3] *Ballantine v. De Silva,*.

tute. On the other hand, section 230 is a legitimation statute by a course of conduct which satisfies the requirements of the statute.

We have previously held that acknowledgment by the natural father (domiciled in California) of a child born out of wedlock in a foreign country and residing in that country, without bringing the child into his family is insufficient to effect legitimation under section 230 of the California Civil Code.[4] In the case of *Louie Wah You v. Nagle*, 27 F.2d 573 (9th Cir., 1928), although the evidence established public acknowledgment by the father, it was insufficient to prove that the father received the illegitimate child into his home or settled place of cohabitation of which he was the head. The domicile of the father was in the State of California and not in China, because, if his home and settled place of habitation was in China, his domicile would likewise be there and the statutes of California could have no application and there could be no legitimation.

In the instant case, the beneficiary has always resided in the Philippines whereas the father appears to have resided in California since 1957. Although the evidence establishes public acknowledgment, there is no evidence that the petitioner received the beneficiary in his home in the State of California, which we have held to be a requirement of the statute. The Judgment of the Superior Court of the State of California, County and City of San Francisco, does not appear to be a Judgment pursuant to section 230 of the California Civil Code. That Judgment of Legitimation was entered after the beneficiary had reached his 18th birthday, and thus fails to meet the requirement of section 101(b)(1)(C) of the Immigration and Nationality Act. In the event that the petitioner can produce evidence or a judgment by a California court showing that the petitioner has been legitimated pursuant to section 230 of the California Civil Code together with the date of such legitimation, the proceedings may be reopened. Upon the present record the appeal will be dismissed without prejudice to a reopening if the petitioner can establish legitimation of the beneficiary prior to his 18th birthday.

· **ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[4] *Matter of Wong*, Int. Dec. No. 1287; *Matter of Tinsley*, Int. Dec. No. 1323.